IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOLEEN M. DAMASO-EARING,<br><br>Plaintiff,<br><br>vs.<br><br>OCEANIC TIME WARNER CABLE, LLC, and CYRUS DRIVER,<br><br>Defendants. | CIVIL NO. 15-00434 DKW-KJM<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT CYRUS DRIVER'S PETITION FOR APPROVAL OF GOOD FAITH SETTLEMENT PURSUANT TO HRS § 663-15.5 |

FINDINGS AND RECOMMENDATION TO GRANT
DEFENDANT CYRUS DRIVER'S PETITION FOR APPROVAL OF
GOOD FAITH SETTLEMENT PURSUANT TO HRS § 663-15.5

Defendant Cyrus Driver ("Defendant Driver") filed a "Petition for Approval of Good Faith Settlement Pursuant to HRS § 663-15.5" on June 29, 2018 ("Petition"). *See* ECF No. 56. The Petition seeks a determination of good faith settlement pursuant to Hawaii Revised Statutes section 663-15.5. *See id.* at 2. Defendants Oceanic Time Warner Cable LLC and Charter Communications LLC (collectively, "OTWC") filed a Statement of No Opposition to the Petition on August 1, 2018. *See* ECF No. 66.

Given the lack of any opposition to Defendant Driver's Petition, the Court elected to decide the Petition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

After carefully considering the submissions of the parties and the relevant legal authority, the Court FINDS and RECOMMENDS that the district Court GRANT the Petition for the reasons set forth below.

## BACKGROUND

This action arises from Plaintiff Joleen M. Damaso-Earing's ("Plaintiff") employment with Defendant OTWC under the supervision of Defendant Driver, who was employed by OTWC as the Vice-President of Business Class Services. *See* ECF No. 19 at 4-5.  Defendant Driver and Plaintiff reached a settlement on June 26, 2018.  In the present Petition, Defendant Driver seeks:  (1) a determination that the settlement entered into between Plaintiff and Defendant Driver was made in good faith pursuant to Hawaii Revised Statutes section 663-15.5; (2) a ruling that proper notice was given to all known joint tortfeasors and co-obligors in this action, and that Defendant Driver fully satisfied all of the notice requirements of section 663-15.5; and (3) a ruling that Defendant Driver is fully and completely discharged from any and all liability for any contribution and/or indemnification from any other joint tortfeasor or co-obligor.  ECF No. 56-1 at 4.

## DISCUSSION

A finding of good faith settlement (1) discharges the settling party from liability for contribution to other joint tortfeasors, (2) reduces a plaintiff's claims against joint tortfeasors by the amount stipulated to in the release or in the amount

2

of the consideration paid for it, whichever is greater, (3) bars other joint tortfeasors from further claims against the settling joint tortfeasor, except where there is a written indemnity agreement, and (4) results in dismissal of all crossclaims against the settling joint tortfeasor, except where there is a written indemnity agreement. Haw. Rev. Stat. § 663–15.5(a), (d).  In determining whether parties have entered into a good faith settlement, the court must consider the "totality of the circumstances," including:

> (1) the type of case and difficulty of proof at trial . . .;
> (2) the realistic approximation of total damages that the plaintiff seeks;
> (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial;
> (4) the predicted expense of litigation;
> (5) the relative degree of fault of the settling tortfeasors;
> (6) the amount of consideration paid to settle the claims;
> (7) the insurance policy limits and solvency of the joint tortfeasors;
> (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and
> (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

*Troyer v. Adams*, 102 Haw. 399, 427, 77 P.3d 83, 111 (2003).

An agreement to settle a claim is made in good faith when the totality of circumstances reflects that the settlement was not collusive or aimed at injuring the interests of the non-settling parties.  *Id.*  Section 663-15.5 does not require the settling parties to explain the rationale for the amount of the settlement payment. *Whirlpool Corp. v. CIT Grp./Bus. Credit, Inc.*, 293 F. Supp. 2d 1144, 1154 (D.

3

Haw. 2003).  The non-settling defendant has the burden of proof that the settlement agreement was not reached in good faith.  Haw. Rev. Stat. § 663-15.5(b).

The Court has reviewed the factors set forth in *Troyer v. Adams* and the material terms of the settlement, and finds that the essential terms of the settlement meet the purpose of section 663-15.5 and are reasonable and in good faith.  Given the totality of the circumstances and the absence of opposition, the Court finds that the parties entered into their settlement in good faith.

CONCLUSION

After careful consideration of the Petition, the lack of opposition thereto, and the totality of the circumstances, the Court FINDS that Defendant Cyrus Driver and Plaintiff Joleen M. Damaso-Earing entered into a settlement in good faith under Hawaii Revised Statutes section 663-15.5.  The Court thus RECOMMENDS that the district court GRANT "Defendant Cyrus Driver's Petition for Approval of Good Faith Settlement Pursuant to HRS § 663-15.5."

The Court further RECOMMENDS that the district court dismiss with prejudice any and all claims that have been asserted against Defendant Driver, including those by Plaintiff (Second Amended Verified Complaint, ECF No. 19), and that all joint tortfeasors and co-obligors be barred from asserting any future claims against Defendant Driver.

IT IS SO FOUND AND RECOMMENDED.

4

DATED:  Honolulu, Hawai'i, August 20, 2018.



_/S/ Kenneth J. Mansfield_____
Kenneth J. Mansfield
United States Magistrate Judge

CIVIL NO. 15-00434 DKW-KJM; Damaso-Earing v. Oceanic Time Warner Cable and Cyrus Driver; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT CYRUS DRIVER'S PETITION FOR APPROVAL OF GOOD FAITH SETTLEMENT PURSUANT TO HRS § 663-15.5